### John O'Neil v. Thomas N. Martin, impleaded, &c.

Where a transcript of a judgment, recovered in a district or justice's court, is filed with the county clerk, the merits of the original action cannot be inquired into by this court, in proceedings taken here supplementary to execution.

An order dismissing proceedings supplementary to execution, is an appealable order, and security is not required upon the appeal, unless it involves a stay of proceedings.

An action against one of the obligors of a bond, conditioned for the faithful execution of his duties as an administrator, is an action against the defendant personally, and may be within the jurisdiction of a justice's court.

THE plaintiff in this suit, having recovered a judgment against the defendant, Martin, as administrator of an estate, and having obtained leave of the surrogate, issued execution, which was returned unsatisfied. The surrogate, upon the requisite proofs, then ordered the usual bond, executed to the people by the defendant, Martin, and by the other defendants as his sureties, upon obtaining letters of administration, to be prosecuted. The plaintiff accordingly sued the defendants thereon, in the sixth district court, and obtained a judgment. A transcript was filed in the office of the county clerk, execution issued and returned, and supplementary proceedings instituted against Martin and one other of the defendants. Some property was discovered belonging to the latter, but before the examination of the former was completed, the proceedings were,

on motion, dismissed, with costs, under an impression that the judgment was given in a suit against an administrator as such. From the order of dismissal the plaintiff appealed.

*Felix Hart*, for the appellant.

*Francis Byrne*, for the respondent.

INGRAHAM, FIRST J.—In an action before the justice, the plaintiff recovered judgment, and after filing a transcript, commenced proceedings in this court for the examination of the debtor. That proceeding was dismissed, because the justice had no jurisdiction of the parties to the action. From the order dismissing that proceeding, the plaintiff appeals.

The order was the subject of appeal, and did not require security, unless a stay of proceedings was necessary.

I think it was erroneous, on a proceeding supplementary to execution, to review the merits of the action in which the judgment was recovered. The want of jurisdiction does not appear upon any matters before the judge at chambers, but on the contrary, the justice had jurisdiction of the matter in controversy. If the defendants objected to the validity of the judgment, they should have appealed. By not doing so, they submit to the judgment, and I know of no case in which it would be proper, on supplementary proceedings, to review the merits of the original action.

The order dismissing the proceedings should be revoked, and the defendants required to attend before the judge at chambers, on such day as he, by order, shall appoint, for such further proceedings as the plaintiff shall move for therein, with $10 costs of this appeal.

DALY, J.—When this motion was decided at chambers, it was my impression, from the statement of the parties, that the judgment was against the defendant, Martin, as administrator, and that it might be disregarded, the want of jurisdiction appearing on the face of the judgment. It now appears that the judgment

was obtained against the defendants for a breach of official duty upon their personal undertaking or bond; and I concur in the opinion, that the justice had jurisdiction of such an action. Such an action is not against an administrator as such, but is against him and his sureties, personally.

Order at chambers reversed, and a new order entered, in accordance with the opinions.